THE FORT SCOTT, WICHITA & WESTERN RAILWAY COMPANY v. W. R. JONES.

1. TRIAL — *Instruction.* Where it appears from the special findings of the jury that an instruction, which, construed alone, might be faulty, has not influenced in any way the verdict rendered, the giving of such an instruction is not a sufficient cause to reverse the judgment.

2. EVIDENCE — *Not Incompetent.* Where witnesses use the words "fair value," as synonymous with "market value" or "real value" of property in dispute, such evidence is not incompetent to go to the jury for the purpose of determining the value of the property.

3. ——— *Measure of Damages.* When the district court has instructed a jury fully and properly upon the measure of damages in a cause, there is no error in refusing other instructions on the same subject, or of repeating the instruction on the subject in another form.

### *Error from Butler District Court.*

SUIT to recover the value of certain grass destroyed by fire. Verdict and judgment for plaintiff, *Jones,* at the December term, 1888. The defendant *Railway Company* comes here.

*J. H. Richards,* and *C. E. Benton,* for plaintiff in error. .

*Lafe Knowles,* and *George Gardner,* for defendant in error.

Opinion by STRANG, C.: August 3, 1887, W. R. Jones was in possession, under a lease, of the southeast quarter of section 20, in township 25 south, of range 5 east of the 6th principal meridian, in Butler county, Kansas. On that day the grass on said real estate was destroyed by fire. Said grass was claimed to be of the value of $200. Jones alleges that the fire which consumed the grass escaped from the train of the Fort Scott, Wichita & Western Railway Company. He presented a claim for said grass to the aforesaid railway company, which it refused to pay. Whereupon, on the 3d day of May, 1888, said Jones began a suit in the district court of Butler county, against said railway company, to recover the value of the grass consumed, as damages, and also for a reasonable attorney's fee for presenting his claim. Defendant answered, issues were joined, and the case tried before the court and a jury February 13, 1889, resulting in a verdict and judgment for the plaintiff therein, for $88.40 damages, and for attorney's fee, $80, or $168.40. The jury also returned answers to special questions submitted by the defendant in the case below, among others, as follows:

"Ques. Did the fire escape by accident? Ans. No.

"Q. State fully what negligence the defendant was guilty of, upon which the jury base the verdict—whether defective engine, condition of right-of-way, or negligence of defendant's servants in operating the train, or all of these; and state fully in what negligence consisted.   A. Negligence of the company for not keeping the right-of-way free from grass and weeds."

The motion for a new trial was overruled.   The first error complained of is the giving of the fifth instruction.   Counsel for plaintiff insist that the court in this instruction tells the jury that a railroad company must so construct its rolling-stock, and so operate its trains and care for its right-of-way, that the property of those living along its line may not, under any circumstances, and without regard to the degree of care, skill and diligence employed by the company, be damaged.   This instruction standing alone, unaffected by other instructions given, is somewhat subject to the criticism put upon it by counsel; and perhaps, if there were no other instructions in the case upon the question of liability and damage, we would think it so faulty as to constitute error.   But construed together with the other instructions given, we do not think the jury were led to the conclusion that counsel say resulted therefrom.   In answer to a question submitted to the jury by the company, relating to negligence, the jury say they placed the liability of the company upon its negligence in permitting dry weeds and grass upon its right-of-way.   The jury did not, then, place the liability of the company upon the law of instruction No. 5 as construed by counsel objecting thereto.

The second complaint relates to the last clause of instruction No. 6.   We think the clause objected to in this instruction is foreign to anything in the case, but we see nothing in it calculated to mislead the jury to the prejudice of the party complaining.   This whole instruction is much more favorable to the company than it is to Jones, and more favorable to the company than it should be; but of that the company cannot complain.   Under the facts in this case, neither party was guilty of gross negligence.   The jury simply found the company guilty of negligence in caring for its right-of-way. There is no finding that the company was guilty of gross

negligence. The land occupied by Jones was a quarter of a mile away from the right-of-way of the railroad company, and separated therefrom by the lands of another. He could not go upon the lands of his neighbor, adjacent to the right-of-way of the company, to plow or burn a fire-guard, or make any other provision against fire. It is claimed by counsel for defendant in error that the plaintiff in error cannot complain of either of the above alleged errors, because neither is alleged in its petition in error. But as they are included in the motion for a new trial, and the petition in error alleges the action of the court in overruling the motion for new trial as error, we think counsel have a right to be heard thereon.

The third assignment of error is the alleged wrongful admission of proof as to the measure of damages. An examination of the evidence as shown in the record satisfies us that the court guarded the rights of the company as well as it could, considering the apparent want of intelligence of the witnesses produced to prove the value of the grass, except so far as permitting proof of the *fair value* of the grass, instead of limiting the proof to the *market value* of said grass. In this case the evidence of one witness, at least, shows that there was no market value for the grass destroyed. And more than one witness testified that there was no other grass like that destroyed in the neighborhood, and no other pasture in the neighborhood in like condition. We might therefore, under the rule contended for by plaintiff, affirm the case as to this point, for counsel admit that, where there is no market value for a thing, its fair value should be proved. However, this court has practically held that there is no substantial difference between the fair value and the market value of a thing. (*K. C. & S. W. Rld. Co. v. Ehret*, 41 Kas. 22.)

We do not think this case should be reversed on anything appearing in this assignment of error. This also disposes of the fourth and last assignment, the objection to instruction 7, which relates to the measure of damages, since, if it was proper to prove the fair value of the grass consumed, then, upon such evidence, it was proper to instruct the jury that

the proper measure of damages was the fair value of the grass destroyed, with interest upon such value.

We do not think there is anything serious in the point made against this instruction, that the court did not limit the jury, in their estimate of the value of the grass, to the place where it was consumed. Damage was obtained for but one piece of grass, and that was upon a tract of land definitely located. Error, to be reversible, must be prejudicial. We do not see how the jury in this case could have been misled by the omission of the word "place," in this instruction, in connection with the measure of damages.

The court refused to give the jury certain instructions submitted by the defendant company, relating to the measure of damages. But the court instructed the jury upon the subject of the measure of damages fully; and, as we hold that the instructions of the court in that respect are not erroneous, the court did not err in refusing to give defendant's instructions on the same subject.

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.